```
              UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
                    WESTERN DIVISION
```

ROBERT D. TREADWAY                                          PLAINTIFF

VERSUS                          CIVIL ACTION NO. 5:06cv192-DCB-JMR

UNITED STATES OF AMERICA                                    DEFENDANT

## OPINION AND ORDER

This matter comes before the Court on the United States' Motion to Dismiss Or, In the Alternative, For Summary Judgment [**docket entry no. 13**], which the Court construes as a Motion to Dismiss.  Having carefully considered the motion, memoranda in support and opposition thereof, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. BACKGROUND AND PROCEDURAL HISTORY

The plaintiff, Robert D. Treadway ("Treadway" or "Plaintiff"), is a former inmate of the Federal Correction Complex in Yazoo City, Mississippi ("FCC Yazoo City").  The defendant is the United States of America.  The instant litigation arises out of the plaintiff's allegations of negligent post-operative medical care he received during his incarceration at FCC Yazoo City, which he claims resulted in "permanent disfigurement; extreme pain, discomfort, and anguish; emotional and psychological damages; loss of enjoyment of life; and ongoing medical complications."  (Compl. ¶ 12.)

On December 7, 2006, Treadway filed his complaint in the instant action, wherein he alleges that the United States is liable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), for negligent medical treatment its employees performed on Treadway following a hernia operation he underwent during his incarceration at FCC Yazoo City.  On December 26, 2006, the case was transferred from the Jackson Division of the Southern District of Mississippi to the Western Division [docket entry no. 3].  On July 9, 2007, the Magistrate Judge entered an Order directing Treadway to show cause why the case should not be dismissed for failure to prosecute. After several time extensions, process finally was served on the United States Attorney for the Southern District of Mississippi on February 14, 2008 [docket entry no. 11].  The United States did not file an answer to the complaint; rather, on March 25, 2008, the United States filed its Motion to Dismiss Or, In the Alternative, For Summary Judgment.  Therein, the United States moves for dismissal on the grounds that the plaintiff's FTCA claim is time-barred.  Alternatively, the United States requests summary judgment because the plaintiff has failed to produce any expert evidence that the United States breached its duty of care.  The plaintiff filed his response to said motion on April 24, 2008.  This motion now is before the Court.

**II. ANALYSIS**

In its Motion to Dismiss, the United States first argues that

the plaintiff's FTCA claims are time-barred.  28 U.S.C. § 2401(b) provides that

> [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 C.F.R. § 14.2 further clarifies the requirements for a valid claim - "a claim shall be deemed to have been presented when a Federal agency receives from a claimant ... an executed Standard Form 95 or other written notification of an incident."  When notification is provided by means other than a Standard Form 95, the writing must be accompanied by the following:  (1) a claim for money damages in a sum certain; (2) the title or legal capacity of the person signing; and (3) evidence of the signing party's authority to present a claim on behalf of the claimant.  28 C.F.R. § 14.2; see also Montoya v. United States, 841 F.2d 102 (5th Cir. 1988) (discussing the acceptability of filing a written notice of a claim, provided that all the requirements of 28 C.F.R. § 14.2(a) are met).

The plaintiff concedes that the alleged negligent medical care occurred on or before December 17, 2003.  (Pl.'s Resp. to Def.'s Mot. to Dismiss ¶ 4.)  Therefore, in order for his FTCA claim to be timely, the plaintiff must have filed a valid claim with the Federal Bureau of Prisons ("BOP") no later than December 17, 2005.

The first report of any medical negligence occurred on December 13, 2005, when the plaintiff's then-counsel, Carlton W. Reeves ("Reeves") of Pigott, Reeves, Johnson & Minor, P.A., submitted a letter to the BOP's Southeast Regional Office, wherein he attempted to make a claim for personal injury damages under the FTCA. (Def.'s Mot. to Dismiss Ex. 9.)  On December 14, 2005, the BOP rejected the plaintiff's claim for damages because it lacked evidence of Reeves' authority to make a claim on behalf of Treadway as required by 28 C.F.R. § 14.2.  On December 19, 2005, to prove his authority to act on behalf of Treadway, Reeves submitted via fax a copy of the legal services contract between Treadway and Reeves.  The BOP accepted Treadway's claim as properly filed on December 19, 2005. (Def.'s Mot. to Dismiss Ex. 12.)  However, in its letter acknowledging Treadway's claim, the BOP expressly noted that "[t]his acceptance should not be construed as a waiver of any statute of limitation claims which the government may be entitled."  Id.  A letter denying Treadway's claim was mailed to Reeves on June 14, 2006.

As noted above, to avoid his claim being time-barred, Treadway must have submitted a valid claim to the BOP within two years after the claim accrued, or no later than December 17, 2005.  In his response to the United States' Motion to Dismiss, the plaintiff concedes that his FTCA claim, which was not properly filed until December 19, 2005, is time-barred.  Accordingly, the Court concludes that the defendant's Motion to Dismiss is well-taken, as the plaintiff's claim under the Federal Tort Claims Act is time-

4

barred.

### III. CONCLUSION AND ORDER

Based upon the foregoing analysis and authorities,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Or, In the Alternative, For Summary Judgment [**docket entry no. 13**], which the Court treats as a Motion to Dismiss is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant United States of America is **DISMISSED WITH PREJUDICE**.

A separate final judgment in compliance with Rule 58 of the Federal Rules of Civil Procedure shall be entered, dismissing this action with prejudice.

**SO ORDERED**, this the 6th day of October 2008.

                                        s/ David Bramlette

                                    **UNITED STATES DISTRICT JUDGE**